CELIA McGUINNESS, Esq. (SBN 159420)
STEVEN L. DERBY, Esq. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
1999 Harrison Street, Suite 1800
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiff
EVA HANGARTNER

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA HANGARTNER,<br><br>        Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; JENNIFER WIDOM, In her Individual Capacity,<br><br>        Defendants. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a),** *et seq.***]**<br><br>2. **Violation of the Americans with Disabilities Act Title V [42 USC § 12203]**<br><br>3. **Violation of the Rehab Act of 1973 [29 U.S.C. 794,** *et seq.***]**<br><br>4. **Denial of Full and Equal Access [Cal. Civil Code §§ 54,** *et seq.***]**<br><br>5. **Violation of the Unruh Act [Cal. Civil Code § 51,** *et seq.***]**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.  Defendant The Board of Trustees of the Leland Stanford Junior University (Stanford) is discriminating against its student, Plaintiff Eva Hangartner (Plaintiff), and other persons with visual disabilities. Plaintiff is an undergraduate student who is legally blind. Despite knowing that Plaintiff is legally blind, and despite her written reasonable

accommodation requests, her college and her professor, Defendant Jennifer Widom (Widom), denied her equal access to the classroom. When Plaintiff tried to advocate to receive the accommodations that Stanford acknowledged she needed for her education, Widom and Stanford retaliated against her by filing a disciplinary complaint against her. Widom told Plaintiff that because of her disability she should take "easier" classes or transfer to community college, suggesting that her disability disqualified her from a Stanford education. Widom has treated other students with disabilities with similar disdain while Stanford looks the other way.

2.  Stanford and Widom denied Plaintiff full and equal educational opportunities as required by federal and State law. They denied her reasonable accommodations based on disability. Plaintiff therefore brings this lawsuit to hold Defendants accountable. She seeks an order requiring Stanford to change its policies and practices to ensure equal educational opportunity and to prevent retaliation against students who advocate for their rights as students with disabilities and to enact training and a disciplinary system to hold all employees including all educators accountable for compliance with their obligations under state and federal law. She also seeks damages in compensation for her injuries caused by Defendants' violations of law.

**JURISDICTION**

3.  This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*, the Rehab Act, 29 U.S.C. 794, *et seq.*,

4.  The Judicial District of the United States District Court for the Northern District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

///

///

**VENUE**

5.      Venue in the Judicial District of the United States District Court for the Northern District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in the City of Palo Alto, California.

**THE PARTIES**

6.      At all times relevant to this Complaint, Plaintiff was an undergraduate student enrolled at Stanford University, pursuing her Bachelors of Arts degree.  At all times relevant Plaintiff was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l).  She is legally blind.  Her condition substantially limits the major life activity of all activities that require sight, including reading, writing, studying and participating in class.  Plaintiff cannot perform these activities in the same manner as the average person.  Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment.

7.      Stanford is a privately-owned and operated, nonprofit university with facilities in Stanford and Palo Alto, California.  It is a California nonprofit public benefit corporation.  Based upon a review of publicly available records, Plaintiff is informed and believes and thereupon alleges that Stanford University is owned and operated by Stanford.  Based on publicly available records Plaintiff is informed and believes and thereupon alleges that Stanford receives federal financial assistance within the meaning of the Rehab Act of 1973, 29 U.S.C. 794, *et seq*.

8.      Defendant Stanford is the owner, operator, lessee and/or lessor of Stanford University as a public accommodation under the laws of the United States and the State of California.  During all times relevant to the Complaint, Defendant Stanford is, and operates the university as, a business establishment under the laws of the State of California because it provides goods, services and/or facilities in exchange for money.

9.      Defendant Widom is a professor of computer science and of electrical engineering at Stanford University.  She has been Dean of the School of Engineering since 2017.

10. Plaintiff is informed and believes, and thereupon alleges, that Defendants and each of them were, at all times relevant to the action, the owner, operator, lessor, lessee, partner, agent, employee, representing partner or joint venture of the other Defendant and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein, including their managing agents and owners, gave consent to, ratified and/or authorized the acts alleged herein by each of the remaining Defendant.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is an undergraduate student at Stanford pursuing a Bachelor of Arts degree and majoring in History. Since her first semester, Stanford has been aware of her disability. She has filled out all required paperwork with the Office of Accessible Education (OAE) at Stanford. Thus, Stanford has acknowledged both her disability and need for accommodation in the educational environment.

12. Prior to commencement of classes, Plaintiff informed Stanford that she was legally blind and when she enrolled, she submitted all the paperwork Stanford requires to register as a disabled student. Defendants have actual knowledge that Plaintiff has a physical disability that limits her ability to see. Defendant Stanford assured her that it would provide her all the reasonable accommodations she needed to pursue an undergraduate degree at Stanford on an equal basis with her peers without such disability.

13. In the Spring Semester of 2020 with the entire campus on a program of virtual learning, Plaintiff requested and received a Letter of Accommodation (LA) from OAE. The LA is attached as Exhibit A to this complaint.

14. As she has done in the past, Plaintiff then shared the LA with all of her teachers in all of her enrolled classes including CS 102 taught by Widom. Specifically, Plaintiff requested that all classroom sessions (conducted via Zoom) and all exams be accessible to her with her visual disability. All of her teachers, including Widom, assured her that would be done. Widom specifically referred Plaintiff to Widom's Teaching Assistant (TA) Leo Mehr to assist her (Plaintiff) in making sure that the class would be accessible to her. These accommodations were

even more critical in this academic quarter because of the remote learning environment where Plaintiff attended class by computer from her home in New York.

15. From the beginning of the 2020, all classes were taught by Zoom. In the first week of CS102, it became clear to Plaintiff that Widom's presentation materials were not accessible to her.

16. After the first class, Plaintiff spoke with one of Widom's Teaching Assistants (TA's) (Tara) at a "bootcamp" set up for students to learn to learn to use Google Sheets. At Plaintiff's request, the TA (Tara) easily adjusted the cursor size so that she (Plaintiff) could see it. At the second class the next day, Widom complained repeatedly about having to use the larger cursor making Plaintiff feel alienated for having to ask for this needed accommodation.

17. The second week of class, Plaintiff spoke with another one of Widom's (Leo Mehr) regarding how to make Google Sheets accessible by making various adjustments built into the program. Leo agreed to make the changes and that they were reasonable and said that Widom would implement them for the next class.

18. Defendant Widom refused to accommodate Plaintiff. Widom refused to listen and refused to engage in any further discussion of accommodating Plaintiff's need. Plaintiff went to OAE to ask for their assistance, but OAE did not enforce the reasonable accommodation request with Defendant Widom, even though OAE and Defendant Widom's head TA Leo Mehr acknowledged they were reasonable accommodations that Plaintiff needed in order to receive her education.

19. After sitting through another inaccessible class on April 14, 2020, Plaintiff decided to speak directly with Widom. Plaintiff waited until the end of instruction and until all student's questions were answered. She then asked, again, that her needs for access be honored as had been promised. Widom refused. Plaintiff became visibly upset that her concerns were being ignored by Widom and expressed her frustration over Widom's denial of her needed accommodations.

20. After the exchange on April 14th, Widom "invited" Plaintiff to Widom's office hours (again conducted by Zoom) to discuss Plaintiff's concerns. Plaintiff's Disability Advisor at

OAE (Ake Saethia) offered to join the call to act as mediator.

21.  Prior to the call, Plaintiff learned that, in addition to Widom and Mr. Saethia, Carleigh Kude (Mr. Saethia's supervisor at OAE) would also be also present. Feeling overwhelmed, Plaintiff asked her mother to join the call for support.

22.  On the call, Widom stated that Plaintiff's need for accommodation was "none of her (Widom's) concern." Widom claimed that accommodating Plaintiff was a "undue burden" to her (Widom). When Plaintiff attempted to show Widom how to eliminate the "undue burden" Widom repeatedly stated that she "did not have time" for the meeting she requested because other students were waiting to speak with her. Widom complained that she had 10 disabled students in her class (of 140 students) and she could not accommodate "all of them." Widom suggested that Plaintiff "could not handle" CS 102 and that maybe she should take an easier class or that she should go to a community college instead. Widom then abruptly left the meeting.

23.  After Widom's departure, Plaintiff, her mother, Ms. Kude, and Mr. Saethia started a separate Zoom call at which time Mr. Saethia offered their continuing support and suggested that Plaintiff obtain a visual descriptionist and they advised Plaintiff to file a grievance against Widom. They also offered to get Plaintiff a copy of the recording of the April 14th class to help her with her grievance.

24.  As the first exam in CS 102 approached, Plaintiff inquired via an online secure message board (Piazza) how the exam would be formatted and she reminded Widom of her accommodations in the LA. The message board confirmed that four instructors viewed Plaintiff's posting. But the only response was from Mr. Mehr who stated that the exam format had not yet be "finalized."

25.  On May 12, 2020 at 16:25 pm (EST), Plaintiff received an email containing the exam and instructions to open it and start the test at 16:30pm. When Plaintiff opened the exam, she learned it was not accessible. She attempted to use her computer to manipulate the exam but the format would not allow it.

26.  After ten minutes, Plaintiff opened a Zoom link provided for questions during this timed exam. Widom was present along with multiple TA's. When Plaintiff explained that she

could not see the exam, Widom interrupted her and said, again, that her accommodations were not Widom's or her TA's concern. Widom said she (Plaintiff) would have to arrange accessibility with OAE <u>during the timed exam</u>.

27.  After 90 minutes of exam time, Plaintiff still had not received an exam she could read. Widom then insisted (through OAE) that Plaintiff take the exam "immediately." This left less time for Plaintiff to take the exam than sighted students (or students without an LA) when per her LA, she was entitled for 50% more time. When Plaintiff refused to take the exam without her accommodations, OAE (once again) said that her only option was to file a grievance with the Office of Diversity and Access.

28.  Rather than file a grievance, Plaintiff reached out Rosa Gonzalez, the ADA Compliance Officer for Stanford and with Ombudsman Brenda Berlin. Both suggested Plaintiff reach out to Widom directly. On May 15, 2020, Plaintiff did reach out to Widom through online posting on Piazza proposing a meeting to seek a solution and to be given an opportunity to take the exam. Widom responded through the TAs that Plaintiff should just file a grievance.

29.  May 18, 2020, Widom "doubled down" on her discriminatory behavior by filing a "Letter of Concern" with the Office of Community Standards regarding Plaintiff's "behavior" which initiated a disciplinary proceeding against Plaintiff. Plaintiff is informed, believes and thereon alleges, that Widom filed the "Letter of Concern" as a preemptive measure to the grievance Plaintiff was advised to file against Widom (which Plaintiff never filed).

30.  Plaintiff asked Stanford to provide her with recordings of the Zoom classes and other documents so that she could provide the evidence to show Defendant Widom's allegations were unfounded, and that Defendant Widom had violated Stanford's reasonable accommodation policies.  Stanford required Plaintiff to make a formal FERPA application, then told her that she could not have copies of the documents, photograph or otherwise record them, or share them with any other person.  Stanford effectively prevented Plaintiff from defending herself against Defendant Widom's accusations.

31.  On May 18th, 2020, Plaintiff spoke with office of Vice Provost Susie Brubaker-Cole regarding the "Letter of Concern" filed by Widom. VP Brubaker-Cole told Plaintiff that

Plaintiff's actions did not rise to the level of a filing of a "Letter of Concern" and she promised to have Mona Hicks, a colleague, contact Plaintiff.

32. Ms. Hicks affirmed that Plaintiff's actions should not have been addressed by a "Letter of Concern" and promised to get back to Plaintiff. She was encouraged to be "patient."

33. Ultimately, OCS closed the disciplinary proceeding without any discipline of Plaintiff. However, it did not notify Plaintiff of that decision nor did it inform Plaintiff that the hold on Plaintiff's student account had been lifted until October of 2020.

34. The stress and effort of fighting the school for an equal education took such a toll on Plaintiff that she decided she could not return to campus. Given Covid, Stanford has initiated a "Flex Term" of which Plaintiff availed herself. She took the Fall Quarter off to do an internship at the United Nations in Switzerland and was enrolled online in one class. She is still an enrolled Student at Stanford, planning to return online in January 2021 and to campus for the Spring Quarter 2021. Over the summer and Fall, Stanford made no effort to ensure Plaintiff that when she returns to campus it will support her education or guarantee her accommodations are respected by her professors. Plaintiff is frustrated and frightened that her academic career will be impeded, not by her disability, but by Stanford's failure to grant her equal rights to education guaranteed by law.

35. Defendants' behavior is intentional and deliberate. Their hypocrisy is patent. At the same time Defendant Widom refused to make her class accessible to Plaintiff, Stanford's website posted the following words attributed to Defendant Widom: "Over the past few years, our graduate programs in Stanford Engineering have doubled down on identifying and recruiting the very best students from the most diverse possible pool. . . . W[e] have made great strides in increasing the diversity of our engineering student population while maintaining our high standard of excellence. As our population shifts, we are also building programs and initiatives to create a more inclusive environment — a culture in which we support all of our students as essential members of our community. Supporting all of our students is critical. . . . Our goal is to have a robust set of programs and structures so that all of our students can thrive at Stanford." https://engineering.stanford.edu/supporting-our-diverse-population, last visited December 5,

2020.

36. Plaintiff is informed, believes and thereon alleges that Widom has refused to accommodate the needs of other students with disabilities (including students with visual disabilities) and that those students have made similar complaints to Stanford which, like Plaintiff's complaints, have been ignored. Therefore, Stanford has ratified Widom's intentional discrimination of students with disabilities in her classroom.

37. Defendants' lip service to diversity is not borne out by their hostile response to a student asking for accommodation. Unless the Court intervenes, Stanford and Defendant Widom will continue their pattern and practice of discrimination against people with disabilities like Plaintiff.

38. Plaintiff requests the Court enforce Congress' national mandate to ensure equal access to people with disabilities, including equal access to elite education and institutions. Plaintiff seeks a permanent injunction ordering Stanford and Defendant Widom to grant her reasonable accommodations, implement lawful policies and practices for making reasonable accommodations, train Dean Widom and all undergraduate faculty in their obligation to ensure equal access to a Stanford education and enforce discipline against Professors who violate the Americans with Disabilities Act. Plaintiff also seeks damages for the injuries Defendants have caused and reimbursement for the attorney fees, litigation expenses and costs she has been forced to incur in order to ensure her equal rights under law.

**FIRST CLAIM**
**AGAINST STANFORD FOR VIOLATION OF ADA TITLE III**
**(STANFORD ONLY)**

39. Based upon the facts and allegations pled in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal enjoyment of and access to Defendant's goods, services, facilities, privileges, advantages or accommodations in violation of the Americans with Disabilities Act (ADA).

40. Stanford owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section 12181(7). It is a public accommodation because it is a "undergraduate, or

postgraduate private school, or other place of education." 42 U.S.C.A. § 12181.

41. Plaintiff at all times material to this action, had diagnoses of a vision impairment which substantially limits major life activities.

42. Plaintiff was otherwise qualified to receive services from Defendant as she was admitted and performed well when she received her accommodations.

43. Defendants failed to reasonably accommodate Plaintiff and discriminated against Plaintiff as alleged above. Further, Defendant refused to provide Plaintiff with auxiliary aids and services necessary to meet her special communication needs.

44. Stanford and Widom have engaged in policies, practices and customs that discriminate against disabled students on a programmatic and systemic basis.

45. Plaintiff's harms and losses are ongoing so long as Defendants do not modify their policies and procedures and provide full access for Plaintiff and other persons with hearing disabilities.

46. Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity for full and equal access to the services, programs and activities provided by Defendants. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to assure that Defendant complies with the applicable requirements of the ADA.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CLAIM**
**FOR VIOLATION OF ADA TITLE V**
**(WIDOM ONLY)**

47. Plaintiff incorporates and re-alleges each and every allegation set forth in the preceding paragraphs.

48. By filing a "Letter of Concern" and thereby initiating a disciplinary proceeding against Plaintiff because Plaintiff asserted her rights under the ADA, Defendant Widom retaliated against Plaintiff in violation of 42 USC § 12203(a).

49. Widom's actions were unjustified and suspiciously timed soon after Widom became aware that Plaintiff was considering filing a grievance against Widom due to Widom's

refusal to accommodate Plaintiff and to adhere to the accommodations given Plaintiff by OAE.

50. Plaintiff's harms and losses are ongoing so long as Defendants do not modify their policies and procedures and provide full access for Plaintiff and other persons with visual disabilities.

51. Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity for full and equal access to the services, programs and activities provided by Defendants. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to assure that Defendant complies with the applicable requirements of the ADA.

WHEREFORE, Plaintiff requests the relief set forth below.

**THIRD CLAIM**
**FOR VIOLATION OF THE REHABILTATION ACT OF 1973**
**(STANFORD ONLY)**

52. Based on the facts and allegations pled in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff has been and continues to be excluded from the participation in, be denied the benefits of, or be subjected to discrimination by Stanford University, a program receiving Federal financial assistance.

53. Section 504 of the Rehabilitation Act of 1973 provides in relevant part: "[N]o otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance" 29 U.S.C. § 794; 24 C.F.R. § 8.4(a). Such programs and activities are prohibited from discriminating against qualified individuals with disabilities because a "recipient's facilities are inaccessible to or unusable by individuals with handicaps." *see* 24 C.F.R. § 8.20.

54. Upon information and belief, at all times relevant to this action, Stanford was a recipient of federal funding within the meaning of Section 504 of the Rehabilitation Act ("Section 504").

55. As a recipient of federal funds, Stanford must operate its facilities so that the program or activity, when viewed in its entirety, is readily accessible to and usable by individuals

with disabilities. 24 C.F.R. § 8.24.

56. Plaintiff is a qualified individual with a disability within the meaning of Section 504 and is "otherwise qualified" to participate in Defendant's program, *i.e.*, to attend school and be a tenant of Defendant.

57. Defendant has intentionally violated Section 504 by discriminating against disabled persons, including Plaintiff by, among other things:

    a. Failing to grant reasonable accommodation requests;

    b. Failing to implement lawful reasonable accommodation policies;

    c. Failing to make its educational program accessible to and usable by students with disabilities;

    d. Failing to discipline Widom for her refusal to provide or allow accommodations awarded to Plaintiff by OAE and for retaliation against Plaintiff.

58. As a direct and proximate result of Stanford's failure to accommodate and discriminate against Plaintiff, Plaintiff has suffered general damages, including embarrassment, humiliation, emotional distress, along with economic damages and lost wages/earning potential in an amount according to proof.

59. Defendants' stubborn refusal to provide Plaintiff and other disabled students with equal access to its educational services, programs and activities, when on actual notice of Plaintiff's need and in the face of Plaintiff's written request, demonstrates a knowing and conscious disregard for the law in general and the rights of disabled students in particular. Such conduct justifies an award of punitive and exemplary damages in addition to all other relief sought.

60. Plaintiff's harms and losses are ongoing so long as Defendants do not modify their policies and procedures and provide full access for Plaintiff and other persons with hearing disabilities.

61. Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity for full and equal access to the services, programs and activities provided by Defendants. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary

to assure that Defendant complies with the applicable requirements of the Rehab Act.

WHEREFORE, Plaintiff requests relief as outlined below.

**FOURTH CLAIM**
**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
**(ALL DEFENDANTS)**

62. Based on the facts and allegations pled in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff under sections 54 and 54.1 of the California Civil Code. At all times relevant to this Action, California Civil Code sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their physical disabilities.

63. Plaintiff is an individual with a disability as defined in California Government Code section 12926.

64. Each defendant has violated the ADA (see First and Second Claims above) and any violation of the ADA is also a violation of the DPA pursuant to Cal. Civil Code § 54(c). Further, each defendant has separately violated Plaintiff's right to "full and equal access" to "private schools" under Cal. Civil Code 54.1(a)(1).

65. Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

66. Defendant's stubborn refusal to provide Plaintiff and other disabled students with accessible communication, particularly when on actual notice of Plaintiff's need and in the face of Plaintiff's written request, demonstrates a knowing and conscious disregard for the law in general and the rights of disabled students in particular. Such conduct justifies an award of punitive and exemplary damages in addition to all other relief sought.

67. As a result of Defendant's acts and omissions, Plaintiff suffered actual harms and

losses as set forth above.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

**FIFTH CLAIM
VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
(ALL DEFENDANTS)**

68. At all times relevant to this action, section 51 of the California Civil Code known as the Unruh Civil Rights Act (Unruh) has provided that physically disabled persons are not to be discriminated against because of their physical disabilities.

69. Based on the facts and allegations pled in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendant has discriminated against Plaintiff and violated Plaintiff's rights under section 51 of the California Civil Code.

70. Plaintiff is a person with a disability as defined by section 12926 of the California Government Code.

71. Defendant Stanford is a business establishment as defined in the Unruh Act.

72. Each defendant has violated the ADA (see First and Second Claims above) and any violation of the ADA is also a violation of Unruh.

73. Plaintiff's harms and losses are ongoing so long as Defendants do not modify their policies and procedures and provide full access for Plaintiff and other persons with hearing disabilities.

74. Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity for full and equal access to the services, programs and activities provided by Defendants. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to assure that Defendant complies with the applicable requirements of the ADA and Unruh.

75. California Civil Code section 52(a) provides as follows:

(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's

fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## PRAYER FOR RELIEF

A. For injunctive relief pursuant to the ADA, 42 U.S.C. section 12188, the Rehab Act, 29 US.C. section 794, and the Unruh Act, section 52 of the California Civil Code.  Plaintiff does not seek an injunction under Civil Code section 55.  Plaintiff requests that this Court enjoin Defendants from continuing to do business until it removes all communication and policy barriers and otherwise complies with the federal and State antidiscrimination laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants immediately to:

   a. Implement lawful reasonable accommodation policies and procedures regarding reasonable accommodations and the provision of auxiliary aids and services;
   b. Conduct training of all staff including all professors and aids;
   c. Implement a system of discipline for those who violate the aforementioned policies.

B. For actual damages pursuant to The Rehab Act and California Civil Code sections 52, 54.3, 3281 and 3333;

C. For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

D. In the alternative to the damages pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

E. For attorneys' fees and costs pursuant to the ADA, The Rehab Act, California Civil Code §52, California Civil Code §54.3, and California Code of Civil Procedure §1021.5; and

F. For such other further relief as the Court deems proper.

Date: January 21, 2021                    DERBY, McGUINNESS & GOLDSMITH, LLP

                                                            */s/Steven L. Derby*
                                                   By: Steven L. Derby, Esq.
                                                   Attorneys for Plaintiff
                                                   EVA HANGARTNER

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: January 21, 2021                    DERBY, McGUINNESS & GOLDSMITH, LLP

                                                            */s/Steven L. Derby*
                                                   By: Steven L. Derby, Esq.
                                                   Attorneys for Plaintiff
                                                   EVA HANGARTNER